IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE HOUSING AUTHORITY OF      *
BALTIMORE CITY                *
                              *
                              *
v.                            *      Civil No. – JFM-15-2467
                              *
CENTENNIAL CONTRACTORS, ET AL.*
                         ******

**MEMORANDUM**

Plaintiff has filed a motion to remand this action to the Circuit Court of Maryland for Baltimore City from which it was removed. The motion will be granted.

The case was removed on the ground that Horton Mechanical Contractors, Inc., the only non-diverse defendant, was "fraudulently joined." In order for defendants to establish a fraudulent joinder has occurred, they must show that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). Here, Horton was joined as a defendant on the ground that plaintiff was a third party beneficiary of the contract between Centennial Contractors Enterprises, Inc. (the other defendant) and Horton.

Frankly, I do not believe that plaintiff was a third party beneficiary (rather than an incidental beneficiary) of the contract in question, at least as to the matters alleged in this law suit.[1] In my judgment to hold that plaintiff was a third party beneficiary of Centennial

---

[1] A different question might be presented if it was alleged that Horton was not a minority subcontractor. In that regard the contract between Centennial Contractors and Horton clearly

1

Contractors and Horton would turn on its head the well-established law that owners contract only with general contractors, not with the sub-contractors of general contractors. The question is entirely one of state law, however, and I am not prepared to say that there is "no possibility" that a state judge might disagree with me in light of the provisions in the subcontract that gave substantial authority to plaintiff to approve subcontractors and the payments made to them.[2]

A separate order effecting the ruling made in this memoranda is being entered herewith.

Date: 11/18/15

J. Frederick Motz
United States District Judge

---

provided that plaintiff was empowered to determine the minority status of Centennial Contractors' subcontractors.

[2] Horton is, of course, free to file a motion to dismiss after remand in state court on the ground that plaintiff has not stated a viable claim against it. If that motion is filed and granted before one year has elapsed since this action was instituted, Centennial Contractors may want to consider filing renewed removal papers. *See* 28 U.S.C. §1446(c).